UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

IRENE HATZIMIHALIS,

          Plaintiff,           Civil Action No. 1:20-cv-08037~~(JC)~~ (JPC)

   -against-           **STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING CONFIDENTIAL INFORMATION**

SMBC NIKKO SECURITIES AMERICA, INC.,
JOHN BOLGER and OMAR ZAMAN,

          Defendants.

------------------------------------------------------------------ X

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that confidential material is protected, Plaintiff Irene Hatzimihalis ("Plaintiff") and Defendants Sumitomo Mitsui Banking Corporation Nikko Securities America, Inc. ("SMBC"), John Bolger, and Omar Zaman (collectively "Defendants") have agreed that the following Stipulation and Order Regarding Confidential Information be entered to govern the handling of Confidential Material (as defined below) produced in this Litigation (as defined below). The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

      **WHEREAS**, the Parties consider the information being sought in discovery and/or contained in documents being sought in discovery and/or to be presented at the Court to be of a confidential nature; and

      **WHEREAS**, the Parties have agreed to this Confidentiality Stipulation & Order to permit Plaintiff and Defendants to exchange and discover and present information deemed confidential pursuant to procedures protecting the confidentiality of such information notwithstanding their production, consistent with the terms of this order (the "Order");

1

WHEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT, THAT:

1.  The term "Litigation" shall mean the above-captioned case.

2.  The terms "party" or "parties" mean any person who is party to the Litigation.

3.  The term "Court" refers to the United States District Court in the Southern District of New York as assigned in the above-captioned case.

4.  "Confidential Information" as used herein, means any type or classification of sensitive, non-public information designated as confidential by a party, whether it be a document, information contained in a document, information revealed in a response to a request for information, documents obtained from any non-party, or any other form of information, including but not limited to: (i) proprietary, trade secret or sensitive business information (including, without limitation, financial information, internal policies, practices or procedures, contracts or agreements or discussion regarding contracts or agreements, and non-public information concerning present or former clients or customers of Defendants) or any extracts or summaries thereof; (ii) personal or personnel information including, but not limited to, personnel files, performance evaluations, social security numbers, salary and compensation information, tax documents, home addresses and home telephone numbers not publicly available, medical records or health-related information, or any extracts or summaries thereof; or (iii) investigative notes, memoranda, and related documents.

5.  "Qualified Person" as used herein means: (a) counsel for the parties in the Litigation who are actively engaged in the conduct of the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including

outside vendors or service providers) assisting them in the conduct of the Litigation; (b) any expert, expert's staff or third party, retained or consulted for purposes of potential retention by a party or a party's counsel for the purpose of assisting in this Litigation; (c) current employees of Defendants and/or any of SMBC's present or former parents, subsidiaries, affiliates, predecessors, successors, and/or related entities, provided that such employees are actually engaged in assisting in the preparation for this Litigation; (d) Plaintiff; (e) the Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers; (f) in connection with any appeal, any court and court personnel; (g) testifying fact witnesses and their counsel, during their testimony, whether during a deposition or at trial, and in preparation for such testimony reasonably prior thereto, to the extent deemed reasonably necessary by a party's counsel, and provided that any such witnesses and their counsel may not retain such documents or copies, summaries, or extracts thereof; (h) persons whom a party's counsel believes may testify as a fact witness, provided that counsel for the party has a good-faith basis to believe that such confidential information is relevant to specific events, transactions, or communications about which the person may testify, and further provided that any such persons and their counsel may not retain such documents or copies, summaries, notes, or extracts thereof; (i) the author(s) or recipient(s) of the document, and (j) any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral. Subject to the limitations set out above and within this Confidentiality Stipulation & Order, any Qualified Persons receiving Confidential Information may retain documents containing Confidential Information through the final termination of this Litigation by judgment, including appeal, or by compromise and settlement. Thereafter, the party that provided the Confidential Information to such Qualified Persons will request that the Confidential Information to be returned

to the party producing it to be disposed of according to Paragraph 19 below.

      6.      Counsel for the Parties shall designate documents, information, or discovery materials as Confidential Information: (i) by marking or stamping such documents, information, or discovery materials with the word "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility; (ii) by written statement of counsel for the producing party at the time of, prior to, or after production that the document or material is to be treated as Confidential Information; (iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with respect to depositions, in accordance with the procedures set forth in paragraph 7 below. Nothing herein shall prevent either party from requesting, subject to an order of the Court, that the Court hold any hearings under seal or seal or redact any transcript of hearings in this Litigation. The opposing party has the right to oppose such request.

      7.      A party or non-party may designate specific information disclosed during a deposition as Confidential Information by so indicating on the record at the deposition. Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages of a transcript made by a party or the non-party deponent be treated as Confidential Information. Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the Confidential Information is so marked.

      8.      Henceforth, pleadings, motion papers or other filings that disclose Confidential Information filed in this Litigation shall automatically be deemed subject to the terms of this Confidentiality Stipulation & Order and shall be filed in a manner designed to protect such information from disclosure, in accordance with Judge John Cronan's Individual Rules for filing under seal. If the receiving party disputes a confidential designation, such party may proceed in

accordance with the procedure described at Paragraph 10 below.

9. Access to/disclosure of Confidential Information shall be limited only to Qualified Persons. Prior to the disclosure of any Confidential Information to any individual other than the Parties and/or those entitled to review such documents and information pursuant to the provisions of Paragraphs 5(a), (c), (e) and (f), such individual must execute a written Acknowledgment in the form attached hereto as Exhibit A. The originals of each such Acknowledgment shall be maintained in the files of receiving counsel, and a copy shall be provided to the Court and to disclosing counsel in the event a dispute arises over the disclosure of Confidential Information.

10. Counsel for the Parties may designate documents, information, or discovery materials that contain personal or personnel information including, but not limited to, social security numbers, salary and compensation information, tax documents, home addresses and home telephone numbers not publicly available, medical records or health-related information, or any extracts or summaries thereof, as Confidential – Attorneys' Eyes Only by stamping the phrase "Confidential - Attorneys' Eyes Only" on each page. For purposes of this paragraph, "Attorneys' Eyes Only" includes in-house counsel for Defendants.

a) If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential - Attorneys' Eyes Only," and incorporate by reference the appended material into the responses.

b) At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential - Attorneys' Eyes Only specific portions of the transcript which contain confidential information under the standards set forth in

5

paragraph 10 above.  This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit Confidential – Attorneys' Eyes Only information.  Transcripts will be treated as Confidential – Attorneys' Eyes Only for this 30-day period.  Thereafter, any portions of a transcript designated Confidential – Attorneys' Eyes Only shall continue to be treated as Confidential-Attorneys' Eyes Only in accordance with this order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information – Attorneys' Eyes Only" by the reporter.

11. Documents and information designated "Confidential - Attorneys' Eyes Only" shall be shown only to the following: (a) counsel retained specifically for this Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers); (b) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; (c) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action provided that the Party seeking to disclose the document or information provides reasonable notice to the opposing Party prior to disclosure and permits the opposing Party to object; (d) stenographers engaged to transcribe depositions the Parties conduct in this action; and (e) this Court, including any appellate court, its support personnel, court reporters.  Each person who is permitted to see Confidential – Attorneys' Eyes Only documents and information shall first be shown a copy of this order and shall further be advised of the obligation to honor the Confidential - Attorneys' Eyes Only designation.  Before Confidential – Attorneys' Eyes Only documents and information are shown to experts witnesses each person must agree to be bound by this order by signing a

document substantially in the form of Exhibit A.  If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.  The parties agree that any discovery material produced in this Litigation and designated as Confidential Information or Confidential - Attorney's Eyes Only may only be used in connection with this Litigation.

12. Review of documents and information designated Confidential Information or Confidential – Attorneys' Eyes Only by counsel, experts, or consultants for the Parties in this Litigation shall not waive the confidentiality of the documents or objections to production.

13. The inadvertent, unintentional, or in camera disclosure of a document and information designated Confidential Information or Confidential – Attorneys' Eyes Only shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.  If at any time prior to trial, a producing Party realizes that some portion(s) of the discovery material that the Party produced should be designated as "Confidential Information" or "Confidential – Attorneys' Eyes Only" the Party may so designate by apprising all Parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as Confidential Information or Confidential – Attorneys' Eyes Only under this order.

14. In the event counsel for Plaintiff or Defendants disagrees with any designation of "Confidential Information" or "Confidential – Attorneys' Eyes Only" or consider it necessary to disclose Confidential Information or Confidential – Attorneys' Eyes Only to persons other than as permitted herein, counsel shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or Confidential – Attorneys' Eyes Only. The information in question shall be treated as originally

Case 1:20-cv-08037-JPC   Document 17   Filed 04/12/21   Page 8 of 14

designated by disclosing counsel, subject to the terms of this Confidentiality Stipulation & Order, until otherwise agreed to by the Parties or ordered by the Court. A party shall not be obligated to challenge the propriety of a designation as Confidential Information or Confidential – Attorneys' Eyes Only at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The burden of proof shall be on the party designating the document(s) and/or material(s) as Confidential or Confidential – Attorneys' Eyes Only to establish that the documents or materials in question are entitled to such confidential treatment. In the interim, the designated material shall be deemed Confidential Information or Confidential – Attorneys' Eyes Only until the issue is resolved by the Court. Notwithstanding anything to the contrary that may be set forth herein, each producing entity shall have the right to object to any discovery or to apply to the Court for an order granting other or additional protective relief with respect to confidential, proprietary or privileged material.

15.     In the event any Party violates any provision of this Confidentiality Stipulation & Order, the other Party may seek resolution from the Court and/or any other adjudicator in the relevant forum of competent jurisdiction, including without limitation, injunctive relief.

16.     The disclosure of a document or information without designating it as Confidential Information or Confidential – Attorneys' Eyes Only shall not constitute a waiver of the right to later so designate such document or information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information or Confidential – Attorneys' Eyes Only subject to all the terms of this Confidentiality Stipulation & Order. Upon notice to the receiving party of a failure to designate a document or information as Confidential Information or Confidential – Attorneys' Eyes Only, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed

8

information, without prejudice.

17. Confidential Information or Confidential – Attorneys' Eyes Only obtained from a Party or from a third party during the course of this Litigation may be used and disclosed only for purposes of the Litigation. No party or person shall make any other use of any such Confidential Information or Confidential – Attorneys' Eyes Only, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding or in the press, except as permitted by an Order of the Court and/or a court of competent jurisdiction and/or agreement of the producing party. Nothing contained herein has any effect on, and the scope of the Confidentiality Stipulation & Order shall not extend to, the use or disclosure of Confidential Information or Confidential – Attorneys' Eyes Only by the producing party.

18. The parties' ability to designate information as Confidential or Confidential – Attorneys' Eyes Only is intended solely to facilitate the disposition of this Litigation, and such designation shall not be construed in any way as an admission or agreement by any party receiving designated materials that such documents actually constitute and/or contain confidential, proprietary, sensitive information, or with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any document or information so designated. This Stipulation shall not be construed as an agreement by either party to produce any documents or to supply any information and shall not constitute an admission that any document or information which may exist is relevant in any way to the issues raised in this proceeding.

19. Nothing herein shall be construed: (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party; or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than

through discovery of the producing party. Should a dispute arise as to any specific information or material, the party disputing the confidential designation shall have the burden of proving that such information or material is, or was, publicly known or lawfully obtained other than through discovery of the producing party.

20. If Confidential Information or Confidential – Attorneys' Eyes Only in the possession of any party is responsive to any subpoena or any order of the Court, or any other administrative, regulatory, self-regulatory or judicial body, or if any other person or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall, to the extent possible, give reasonable written notice of receipt of such process or inquiry to the producing party in advance of producing any Confidential Information or Confidential – Attorneys' Eyes Only except as set forth below. The party to whom the process or inquiry is directed may then produce Confidential Information or Confidential – Attorneys' Eyes Only in response to the process or inquiry on the date required unless the producing party obtains a stay of, or order quashing, the response or inquiry. Notwithstanding the foregoing or anything else contained herein, any non- disclosure provision in this Confidentiality Stipulation & Order shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

21. The terms of this Confidentiality Stipulation & Order shall be applicable to any additional party to this Litigation or third party who produces information in this Litigation designated by such additional or third party as Confidential Information or Confidential – Attorneys' Eyes Only.

22. For the avoidance of doubt, this Stipulation shall not preclude counsel for the parties from using during any hearing in this Litigation any documents and/or information which

has been designated as Confidential Information or Confidential – Attorneys' Eyes Only.

23. Within thirty (30) calendar days of the conclusion of this Litigation (including appeals, if any), all Confidential Information or Confidential – Attorneys' Eyes Only and all documents containing designated information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Confidentiality Stipulation & Order (except as set forth in Paragraph 17), shall be destroyed or returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof. Upon request, an attestation of destruction shall be provided to disclosing counsel. Counsel for any party may retain a copy of all documents produced in this action in accordance with the Model Rules of Professional Conduct.

24. This Confidentiality Stipulation & Order may be amended by further stipulation and order, or if the Parties are unable to agree, by the Court on the application of a party.

25. Nothing in this Confidentiality Stipulation & Order shall be construed as a waiver by either party of: (i) their right to object to any request for discovery; (ii) any defense asserted by any party; or (iii) any privilege or immunity.

26. The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege. Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or

counsel.  In addition, the disclosure of Confidential Information or Confidential – Attorneys' Eyes Only pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information.  It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information in the Litigation.

27. This Confidentiality Stipulation & Order shall extend beyond the final conclusion of this Litigation, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**SO STIPULATED AND AGREED:**

Dated: April 9, 2021

| WIGDOR LLP | PROSKAUER ROSE LLP |
|---|---|
| *(signature)* | /s/ *(signature)* |
| Valdi Licul | Lloyd B. Chinn, Esq. |
| Lindsay M. Goldbrum | Eleven Times Square |
| 85 Fifth Avenue | New York, New York 10036 |
| New York, NY 10003 | (212) 960-3000 |
| (212) 257-6800 | lchinn@proskauer.com |
| vlicul@wigdorlaw.com | *Attorneys for Defendant* |
| lgoldbrum@wigdorlaw.com | |
| *Attorneys for Plaintiff* | |

**So Ordered**, this 12th day of ____April____, 2021:  _____(signature)_____

John P. Cronan
United States District Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

IRENE HATZIMIHALIS,

                 Plaintiff,

-against-

SMBC NIKKO SECURITIES AMERICA, INC.,
JOHN BOLGER and OMAR ZAMAN,

                 Defendant.

------------------------------------------------------------------------ X

Civil Action No. 1:20-cv-08037(JC)

**ACKNOWLEDGMENT OF STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND**

      I, _____[print or type full name] of _____[ print or type full address], swear and affirm and state under penalty of perjury that I have read in its entirety and understand the Confidentiality Stipulation & Order (the "Protective Order") regarding Confidential Information issued by the Court in the above-captioned Litigation.

      I agree to comply with and be bound by all the terms of this Protective Order. I will hold in confidence any Confidential Information that is disclosed to me, will only use Confidential Information for purposes of this Litigation, and will not disclose in any manner any Confidential Information to any person or entity except in strict compliance with the provisions of the Protective Order.

      I understand and acknowledge that failure to comply with the terms of this Protective Order could expose me to civil liability or to sanctions and punishment in the nature of contempt.

      I further agree to submit to the jurisdiction of the Court, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

Date: _____

                                                                      _____
                                                                               Signature

                                                                               _____
                                                                               Print Name