```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
HAIDO IRENE HATZIMIHALIS,                                              :
                                                                       :
                              Plaintiff,                               :
                                                                       :      20 Civ. 8037 (JPC)
              -v-                                                      :
                                                                       :           ORDER
SMBC NIKKO SECURITIES AMERICA, INC. et al.,                            :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 21, 2023, the Court issued a sealed Opinion and Order, Dkt. 124, which granted in part and denied in part Defendants' motion for summary judgment, Dkt. 53. Pursuant to that Opinion and Order, on March 7, 2023, Defendants submitted a redacted version of the Opinion and Order that they propose should be filed on the public docket. Dkt. 125-1. Defendants' proposal would redact the identities of certain clients of Defendant SMBC Nikko Securities America, Inc. ("Nikko") and the exact value of the compensation paid to Plaintiff and to non-party Nikko employees. Dkt. 125 at 1. On March 14, 2023, Plaintiff filed a letter in opposition, in which she argued that the entire Opinion and Order should be filed on the docket in unredacted form. Dkt. 126.

As the Second Circuit has explained, the question of whether the public must be allowed access to a court filing implicates both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("[A] presumption of immediate public access attaches [to judicial documents] under both the common law and the First Amendment."). Under the common law framework, whether a document is a judicial document turns on whether the item is "relevant to the performance of the judicial function and useful in the

judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Under the First Amendment, whether the presumption of public access attaches turns on whether a document bears a close connection to a public judicial proceeding. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("This Court has followed a similar logic, deeming that the right to inspect documents derives from the public nature of particular tribunals."). Nonetheless, "[n]otwithstanding the presumption of access under both the common law and the First Amendment . . . documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124. Under the First Amendment, in particular, a court may conclude that higher values require a document to be redacted only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailed to serve that interest." *Id.* at 120. "Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular . . . document." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir 2013).

The Court begins with the common law right. Because the Opinion and Order is the result of the performance of the judicial function, it is clearly a judicial document to which the presumption of public access applies. But countervailing factors outweigh the presumption of access and thereby demand the continued redaction of client names, as requested by Defendants, though not of information about the compensation paid to Plaintiff and to other Nikko employees.

First, under the common law framework, the "weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article II judicial power." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Documents filed in court fall on a continuum ranging "from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* The two categories of

redactions Defendants seek differ in where they lie along this continuum. Information about Nikko clients was entirely irrelevant to the substantive legal analysis contained in the Opinion and Order; the Court mentioned the names of particular Nikko clients only in order to more easily refer to them. Thus, the common law presumption in favor of public access is at its weakest concerning the names of those clients. By contrast, information about the compensation paid to Plaintiff and to other Nikko employees is central to the merits of this case: Plaintiff's core claim is that she was unlawfully paid less than male Nikko employees, *see generally* Dkt. 33, and thus her compensation and the compensation paid to her male comparators is perhaps the most central fact to the legal analysis carried out in the Opinion and Order. "An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Therefore, the presumption of public access is at its strongest concerning the compensation figures included in the Opinion and Order.

To be sure, there are considerations that weigh in favor of redacting both categories of information. Those countervailing factors include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050), and in applying that factor "courts should first consider the degree to which the subject matter is traditionally considered private rather than public," *Amodeo II*, 71 F.3d at 1051. Both categories of information are traditionally considered private: businesses typically closely guard information about the identities of their clients, and both businesses and their employees typically maintain the confidentiality of information about compensation. Because the presumption of public access is at its weakest concerning the names of Nikko clients, Nikko's countervailing interest in the privacy of that information is sufficient to outweigh the presumption.[1] However, those factors are insufficient to

---

[1] While Plaintiff argues that redaction is inappropriate because Nikko has elsewhere disclosed that the companies named in the Opinion and Order are its clients, a consideration that weighs against redacting the information, *see* Dkt. 126 at 2, that consideration is not dispositive

outweigh the strong presumption of public access concerning information about the compensation of Plaintiff and other Nikko employees. While the Second Circuit has stressed that "courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,'" *id.* (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)), publication of the compensation information contained in the Opinion and Order would not have the purpose of furthering those ends but instead would enable the public and the press to monitor how this Court exercised its judicial functions in this case, thereby ensuring "a measure of accountability" and helping "the public to have confidence in the administration of justice," *id.* at 1048. When "the adequacy of [Plaintiff's] compensation [is] the very subject of this litigation, . . . the public is entitled to understand the nature of the dispute and the reasons for the rulings of this Court . . . ." *Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013).

Although the right of public access under the First Amendment is governed by a formally distinct doctrinal framework, many of the same factors relevant to the common law analysis likewise determine whether the First Amendment permits a document to be redacted. Because the Court has already concluded that the common law right requires the information about compensation to be published in unredacted form, it is unnecessary to consider whether the First Amendment would require that information's publication, too. Furthermore, the Court concludes that the First Amendment, like the common law, does not require that the names of Nikko clients be published. Because judicial opinions "have historically been open to the press and general public," and given that they "derive from" and "are a necessary corollary of the capacity to attend the relevant proceedings," *Lugosch*, 435 F.3d at 120 (internal quotation marks and brackets omitted), the First Amendment presumption of access does apply to the Opinion and Order.

---

given that the presumption of public access is at its weakest concerning information that was irrelevant to the Court's discharge of its judicial functions.

Nonetheless, "in certain circumstances, business data . . . may remain under seal even where the First Amendment is implicated." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14 Md. 2542 (VSB), 14 Misc. 2542 (VSB), 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023). Further, while the First Amendment presumption of access does apply to the Opinion and Order as a whole, it is at its weakest as applied to the names of Nikko clients, given that public access to that particular information does not play any "positive role in the functioning of the particular process[es]" employed to resolve this case, nor is it "a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120. The Court therefore finds that redacting the names of Nikko clients is essential to preserving Nikko's interest in client confidentiality. And redacting only the names and publishing the remainder of the Opinion and Order in its entirety is a narrowly tailored method of preserving that interest. Thus, the First Amendment permits the names of Nikko clients to be redacted in the publicly filed version of the Opinion and Order.

For the foregoing reasons, Defendants' request to redact certain portions of the Opinion and Order is granted in part and denied in part. The Court will separately docket a version of the Opinion and Order that is redacted accordingly.

SO ORDERED.

Dated: May 31, 2023
New York, New York

                                          JOHN P. CRONAN
                                        United States District Judge